**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

PHILIP L. ELLISON and
KATHERINE E. ELLISON,
    Plaintiffs

       v.

DANIEL C. SCRIPPS,
KATHERINE L. PERETICK, and
SHAQUILA MYERS, each in their
official capacities,
    Defendants

_____/

Case No.: 26-cv-12029

Honorable _____

**COMPLAINT**

OUTSIDE LEGAL COUNSEL PLC
Philip L. Ellison (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

_____

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COME Plaintiffs PHILIP L. ELLISON and KATHERINE E. ELLISON and complain unto the Court as follows:

**PARTIES**

1.    Plaintiffs PHILIP L. ELLISON and KATHERINE E. ELLISON are the owners of real property commonly known as 355 North Maple Street, Hemlock, Michigan.

1

2. Defendants DANIEL SCRIPPS, KATHERINE PERETICK, and SHAQUILA MYERS  are each commissioners on the Michigan Public Service Commission and are sued solely in their official capacity.

**JURISDICTION**

3. This is a civil action brought inter alia pursuant to 42 U.S.C. § 1983 seeking relief against Defendants for violations of the United States Constitution and Michigan law.

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343, as this case involves federal questions and federal civil rights under 42 U.S.C. § 1983.

5. Under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), State officials may be sued for declaratory and injunctive relief when they act in violation of the Constitution.

**GENERAL ALLEGATIONS**

6. Plaintiff Philip L. Ellison is a property and civil rights attorney and proud co-owner of his home he shares with his wife and eight year old son located at 355 North Maple Street in Hemlock, Michigan.

7. One of the reasons he bought this home was due to the mature trees that were on the property, specifically including the magnolia which blooms beautiful pink flowers each spring—

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com



8.      Plaintiff Dr. Katherine Ellison is a historian and also proud co-owner of the same home on 355 North Maple Street in Hemlock who equally enjoys and loves the mature trees.

9.      While the magnolias were present at the property at the time of purchase of the home by Plaintiffs, the three London plane trees (which have been called sycamores) were planted on the south side of the property at

3

355 North Maple (but not within any public right-of-way easement area, i.e. more than 33 feet from the center of road).

10.    Video footage taken has been secured by Plaintiffs depicting the disputed trees on the property and their location relative to the overhead electrical lines and the public road right-of-way for North Maple Street, while demonstrating that the trunks of the marked trees are located outside the 33ft public road right-of-way. See https://youtu.be/HDdjnJlewjE.

11.    At some point in late 2025, agents for nonparty Consumers Energy Company secretly entered Plaintiffs' private property located at 355 North Maple Street, Hemlock, Michigan.

12.    While on Plaintiffs' property, agents for Consumers Energy placed blue dots on at least four of Plaintiffs' trees that this private utility company does not own or have the right to assert authority over.

13.    Thereafter, Consumers Energy's agent left a hanging card indicating that it would be cutting Plaintiffs' trees at a future time without permission or authority from Plaintiffs as the property's owners.

14.    While Plaintiffs do not object to truly minimal trimming of only those tree limbs that *actually and currently interfere* with Consumers Energy's facilities in a manner that creates an imminent safety or reliability hazard, Plaintiffs object to the unlimited discretionary power of a private

company asserting to have to mark, enter upon, trim, cut, remove, or otherwise destroy healthy, non-interfering trees on private property outside any easement.

15. It is common and normal for the private electric company to permit tree branches to be near or around its lines when they are not actually and currently interfering:

  

16. The facilities/lines are not actually or currently being interfered with by Plaintiffs' trees, or threatening the same, at 355 North Maple Street, Hemlock, Michigan.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com



Taken January 30, 2026

Looking West Along Ault Street



Taken January 30, 2026

Looking South Along Maple Street

17.     Past practice has shown that when the private regulated utility company undertakes trimming, the results are hideous and are done with no or little regard to the health, aesthetics, or character of the trees; instead, Defendant Consumers Energy and its contractors butcher them. See e.g., 13 ON YOUR SIDE, *Social Media Reacts To 'Tree Butchering' After Consumers Energy Trims Tree in Grand Rapids*, accessible at https://youtu.be/lbxiYtn1v_Y.

18.    Local examples confirm the same:



19.    The trees on Plaintiffs' property are not a current safety hazard, do not currently endanger any facilities or equipment, and have not disturbed service to other customers.

20.    As to the property at 355 North Maple Street, there is no express utility easement in favor of Consumers Energy Company — recorded on the plat (**Exhibit B**), created by prior grant, arising under statute—on or across Plaintiffs' real property at 355 North Maple Street, Hemlock, Michigan.

21.    Plaintiffs have not given Defendant Consumers Energy permission or consent to mark, enter upon, trim, cut, remove, or otherwise destroy their trees at 355 North Maple Street.

22.    When Plaintiffs purchased their home at 355 North Maple Street, electricity service was simply transferred into their names.

7

23. Plaintiffs have sued Consumers Energy Company in Saginaw County's 10th Circuit Court alleging violations of MCL 600.2919.

24. Since that state statutory trespass lawsuit started after Consumers Energy did not respond to the written demand of Plaintiffs, Consumers Energy's source of any claimed authority to non-consensually enter Plaintiffs' property or to mark, trim, cut, remove, or destroy Plaintiffs' trees is the MPSC-approved Rate Book § C1.6(A) (**Exhibit A**), which purports to grant Consumers Energy the discretionary right, via a tariff, "to trim, cut down, remove, or otherwise prevent future growth of trees and brush on the customer's premises that, in the Company's discretion, interfere or threaten to interfere with or be hazardous to the construction, operation and maintenance" of its facilities.

## COUNT I
## DECLARATORY RELIEF

25. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

26. An actual, justiciable controversy exists between Plaintiffs and Defendants concerning the legal effect and validity of the MPSC-approved Rate Book tariff § C1.6(A) (the "Tariff Provision), which at least one regulated entity, Consumers Energy Company, claimed and has invoked as government-mandated authority to enter Plaintiffs' private property and mark

8

and threaten to cut Plaintiffs' privately owned trees without consent or easement.

27. Consumers Energy has asserted in pending litigation that the tariff requires or authorizes it, as a government-regulated utility, to enter private property outside public easements and to trim, cut, remove, or prevent future growth of trees "in the Company's discretion" whenever it believes future growth may threaten its facilities—even if the trees are not currently interfering with service or safety.

28. Defendants, however, have publicly represented that they do not and cannot create involuntary easements as a matter of law and that any authority Consumers Energy exercises must derive from independent property rights (such as express easements or consent) separate from the Tariff Provision itself.

29. This irreconcilable contradiction between the positions of the regulator (Defendants) and the regulated utility (Consumers Energy) presents a core legal fork that this Court should resolve by declaratory judgment:

> a. If the Tariff Provision _does_ create or confer the involuntary physical-access right as Consumers Energy claims, then Defendants have, through government action,

9

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

appropriated Plaintiffs' right to exclude others from their land and transferred that stick in the bundle of property rights to a private third party, effecting a per se physical taking under the Fifth Amendment to the United States Constitution and Article 10, § 2 of the Michigan Constitution, as definitively held in *Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021), and did so without proper or sufficient due process.

b.  If the Tariff Provision *does not* create or confer any such access right or property interest (as Defendants have publicly contended), then there is no lawful authority under the Tariff Provision to enter Plaintiffs' property or to mark, deface, trim, cut, or destroy Plaintiffs' trees. Any such entry and marking is an unauthorized trespass and conversion of Plaintiffs' property, for which Consumers Energy is independently liable in tort and for which the tariff provides no defense or justification whatsoever.

30.  Plaintiffs are entitled to a declaratory judgment that resolves this legal fork in a manner that protects their constitutional property rights.

31.  Plaintiffs therefore request that this Court enter a declaratory

10

judgment providing as follows:

a. The Tariff Provision does not and cannot create, confer, grant, or expand any easement, license, or right of physical access to private property in favor of Consumers Energy Company for the purpose of marking, trimming, cutting, removing, or otherwise altering or destroying Plaintiffs' trees or vegetation on property outside any existing public right-of-way or recorded utility easement, without the property owner's express consent;

b. Consumers Energy Company's entry onto Plaintiffs' property in late 2025, its placement of blue bark-paint dots on Plaintiffs' privately owned trees, and its threat to cut those trees, were not lawfully authorized by the Tariff Provision;

c. If the Tariff Provision is interpreted or applied to grant Consumers Energy the discretionary right to enter private property without an otherwise existing easement and alter or destroy privately owned trees without consent or easement, then such Tariff Provision effects a per se physical taking of Plaintiffs' right to exclude under *Cedar*

11

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

*Point Nursery v. Hassid*, for which Defendant Michigan Public Service Commission is constitutionally required to provide just compensation; and/or

d. Defendants cannot authorize the Tariff Provision that purports to grant private utility companies the discretionary power to permissionless invade private property and destroy private trees without either providing just compensation for the taking or requiring the utility to secure independent lawful authority before acting.

32. Such declaratory relief will clarify the parties' legal relations, terminate the controversy regarding the Tariff Provision's effect and ensure that Plaintiffs' property rights are respected consistent with the Constitutions of the United States and the State of Michigan.

## COUNT II
## FIFTH AMENDMENT TAKINGS – 42 U.S.C. § 1983

33. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

34. Count II is pled in the alternative to Count I to the extent the Tariff Provision is interpreted or applied to grant Consumers Energy the discretionary right to enter private property without an otherwise existing easement so as to provide the authority to alter or destroy privately owned

trees without consent or easement.

35.    The Fifth Amendment to the United States Constitution prohibits the taking of private property for public use without just compensation.

36.    Defendants are the governmental officials responsible for approving, enforcing, and maintaining the tariffs/other-schemes framework under monopoly-based conduct of regulated entities.

37.    Through its approval of Consumers Energy' sought Tariff Provision, Defendants exercised government power to create a system that permits a private party (i.e., Consumers Energy), through government authority, to cause physical invasion and destruction of private property without compensation.

38.    This violates the protections against takings without the payment of just compensation being first made or secured in a manner prescribed by law as provided by Fifth Amendment to the United States Constitution and the Michigan Constitution.

39.    In *Cedar Point Nursery v. Hassid*, 594 US 139 (2021), the United States Supreme Court held that a state regulation granting a private entity a "right to take access" to and upon the private property of another was a "per se" taking.

40.    Defendants have attempted to convert a regulatory scheme into

a private right of physical invasion of private third parties without paying just compensation.

41.    The actions of Defendants are not merely regulatory but are a moving force behind the effectuation of an unlawful taking without the payment of just compensation and without invoking eminent domain proceedings.

42.    As being applied, the tariffs/other-schemes framework expressly and unlawfully requires property owners like Plaintiffs to suffer and will in the future suffer an involuntary intrusion upon the owners' private property and to do so to ultimately cause the taking and/or destruction of private trees (not owned by Defendants) at the unilateral discretion of a private company without the consent of the owners of the trees or the private property upon which those trees exist outside any public easement.

43.    The Tariff Provision unconstitutionally 1.) compels a physical invasion of Plaintiffs' land, 2.) appropriates Plaintiffs' right to exclude; and 3.) authorizes destruction of valuable property (trees) without compensation.

44.    The taking is for public use—namely, electrical grid maintenance and service reliability.

45.    While minimal trimming of limbs that actually and currently interfere with electric facilities may be permissible under independent

14

sources of law, the MPSC-authorized Tariff Provision goes far beyond that limited authority by granting Consumers Energy an unlimited, discretionary right of physical invasion and tree destruction "in the Company's discretion." Because no easement or other independent legal authority exists, the Tariff Provision itself is the moving force behind the per se physical taking of Plaintiffs' right to exclude, their ownership of the trees, and the trees' economic and aesthetic value. See *Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021).

46.    Defendants' actions are a proximate cause of the taking because, absent its approval and enforcement of the tariff scheme, Consumers would lack the claimed authority to act.

### RELIEF REQUESTED

47.    WHEREFORE, Plaintiffs request this Court to:

a.    Enter a declaratory judgment that the MPSC-approved Tariff Provision does not and cannot, consistent with the United States Constitution, create, confer, grant, or expand any easement, license, or right of physical access to private property in favor of Consumers Energy Company for the purpose of marking, trimming, cutting, removing, or otherwise altering or destroying Plaintiffs' trees or

vegetation on property outside any existing public right-of-way or recorded utility easement, without the property owner's express consent;

b.   Enter a declaratory judgment that the Tariff Provision is unconstitutional as applied to Plaintiffs;

c.   Enter an order enjoining Defendants from enforcing the MPSC-approved Tariff Provision against Plaintiffs until just compensation is fully tendered;

d.   Award costs, expenses, and/or attorney fees as to the extent allowed by law; and

e.   Grant any further relief as the Court deems just and proper.

Date: June 17, 2026                    RESPECTFULLY SUBMITTED:

/s/ *Philip L. Ellison*
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
Counsel for Plaintiffs
530 West Saginaw St
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

16